Robert J. Schoenberg
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(973) 538-0800

Attorneys for Plaintiff
Fujitsu General America, Inc.

| | |
|---|---|
| FUJITSU GENERAL AMERICA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BEST COMFORT ZONE, INC.,<br>d/b/a GREENDROPLET.COM,<br>KAMIL MATYNIA; JOHN DOES 1-10<br>and XYZ COMPANIES 1-10,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CASE NO. _____<br><br>Hon. _____, U.S.D.J.<br><br><br>**COMPLAINT**<br>**and**<br>**JURY DEMAND** |

Plaintiff, Fujitsu General America, Inc. ("Fujitsu" or "Plaintiff"), by and through its

attorneys, Riker, Danzig, Scherer, Hyland & Perretti LLP, for its Complaint alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for trademark infringement, trademark dilution, copyright

infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. 1051,

*et seq.*, as amended ('the Lanham Act") and unfair competition and deceptive trade practices

under pendent state statutes and common law.

2.     The jurisdiction of this Court over this action is conferred by 28 U.S.C. §§1331,

1338(a) and 1338(b), and under its supplemental jurisdiction under 28 U.S.C. §1367(a).

4563455v6

3.      This Court has personal jurisdiction over Defendants because Defendants solicit business in the State of New Jersey and within this judicial district and elsewhere and the acts giving rise to the cause of action occurred within this judicial district and elsewhere, and the harm done occurred within this judicial district and elsewhere.

4.      Venue in this district is proper under 28 U.S.C. § 1391.

## PARTIES

5.      Fujitsu is a corporation organized and existing under the laws of Delaware and has its principal place of business at 353 Route 46, Fairfield, New Jersey 07004.  Fujitsu is an indirect subsidiary of Fujitsu General Limited ("FGL"), headquartered in Kawasaki, Japan.

6.      Upon information and belief, Defendant Best Home Comfort Zone, Inc. ("Comfort Zone") is a corporation organized and existing under the laws of the State of Illinois, with an address at 260 Cortland Avenue, Suite 7, Lombard, Illinois, 60148.

7.      Upon information and belief, Comfort Zone operates and controls the online and retail business of Defendant Greendroplet.com.

8.      Upon information and belief, Defendant Kamil Matynia is an individual and resident of the State of Illinois, with an address at 9062 West Heathwood Circle, Niles, Illinois 60714.

9.      Upon information and belief, Kamil Matynia is a Principal or officer of Comfort Zone and its associated business, Greendroplet.com.  In that capacity, he directs, operates and/or is responsible for the content of the website Greendroplet.com  (http://www.greendroplet.com ). The listed mailing address for Greendroplet.com is 260 Cortland Avenue Suite 7, Lombard, Illinois, 60148.

4563455v6

10.     Defendant John Does 1-10 are unknown persons who may also operate or be responsible for the content and/or operation of the website Greendroplet.com.

11.     XYZ Companies 1-10 are unknown fictitious entities which may also operate or be responsible for the content and/or operation of the website Greendroplet.com.

## BACKGROUND

12.     Fujitsu is a leading manufacturer of "Mini-Split" HVAC systems under the brand name "Halcyon".   Like most cooling systems, Fujitsu's Halcyon Mini-Split systems utilize an outdoor compressor but they eliminate the need for bulky ductwork in attics and basements by using copper tubing to carry the compressed refrigerant directly from the compressor to a wall-mounted or ceiling-mounted blower unit.

13.     Fujitsu's trademarks associated with the Halcyon Mini-Split systems (the "Fujitsu Marks") have achieved widespread recognition and fame within the HVAC industry, and among the consuming public. Fujitsu is the owner of the following registered trademarks and/or the party responsible for enforcing the following pertinent registered trademarks in the United States on behalf of FGL:

| Registration Number | Trademark | Goods and Services |
| --- | --- | --- |
| Reg. No. 2,482,274 | FUJITSU | Air Conditioners |
| Reg. No. 2,813,964 | Halcyon | Air Conditioners |
| Reg. No. 2,813,964 |  | Air Conditioners |

3

| Reg. No. 4,049,448 | | Air Conditioners |
|---|---|---|

14.     Fujitsu is the owner of the following registered copyrighted works or the party

authorized to enforce the following pertinent registered copyrighted works in the United States

on behalf of Fujitsu General Limited (Kawasaki, Japan): Fujitsu Halcyon Full Line Catalog,

Registration No. TX-7-696-594 (attached hereto as Exhibit A.)

15.     Fujitsu currently provides two levels of limited warranties to original purchasers

of its Halcyon Mini-Split Systems depending on the model purchased: a six year compressor

warranty  / two year parts warranty and a seven year compressor warranty / five year parts

warranty.  Both limited warranties exclude labor.

16.     In its marketing and promotional materials, Fujitsu utilizes the following

distinctive logos to advertise its limited warranty services:

 

17.     Because Fujitsu's Halcyon Mini-Split systems require extensive pre-sale and post-

sale support and involve working with potentially dangerous chemical refrigerants, the above

warranties provided by Fujitsu are valid only for units  purchased as new from an authorized

Fujitsu dealer.

18.     Authorized dealers are not allowed to sell Fujitsu Halcyon Mini-Split Systems on

the Internet, through any on-line retailer or similar e-tailing web site.

4563455v6

19.     Fujitsu has adopted this policy because the necessary pre-sale and post-sale support cannot be adequately provided and verified if the product is sold over the Internet or by non-authorized dealers.

20.     Accordingly, a purchaser of a Fujitsu Halcyon Mini-Split system will only receive Fujitsu's limited warranty if the system is purchased from a Fujitsu authorized dealer.

21.     Defendants sell HVAC equipment to the  public, as well as to contractors and commercial property managers.  This equipment includes Gas Boilers, Mini-Split Systems, Floor Heating Systems, Radiators and Water Heaters, among many other HVAC related products.

22.     Defendants are not, and have not at any time, been an authorized dealer of Fujitsu products and are not authorized to offer any warranties on behalf of Fujitsu.

**DEFENDANTS' CONDUCT**

23.     Defendants operate one or more websites on which they offer for sale numerous Fujitsu heating and air conditioning products (the "Fujitsu Products") including, but not limited to, the following model products: AGU9RLF, 12RLFCD, 18RLFCC, and AGU15RLF.

24.     In connection with the marketing, advertising and sale of Fujitsu Products, Defendants utilize the following Fujitsu registered trademarks and service marks:

  

25.     An image of the Defendants' website homepage as of January 8, 2015 is reproduced below.  Defendants' unauthorized use of the Fujitsu Mark is identified by black arrows.

5

4563455v6



26.     On the product listing page for the Fujitsu products offered by Defendants, the

following Fujitsu registered marks are displayed without permission or license:



27.     As an example, the image below taken from Defendants' website illustrates the

unauthorized use of the Fujitsu Marks by Defendants:

4563455v6



28.     For each of the Fujitsu Products that the Defendants offer, the Defendants have

created a separate web page which also prominently displays – without permission or license –

Fujitsu's registered trademarks and service marks and copyrighted warranty logos.  An example

of Defendants' infringing conduct is set forth below:



7

4563455v6

29.     In addition to using an identical warranty logo to that used by Fujitsu, Defendants also provide language on their website which implies that the Fujitsu products sold by Defendants "come with" and are covered by a Fujitsu warranty:

**Warranty**
This Fujitsu ductless mini-split air conditioner / heat pump come with a 5 year parts and 7 year compressor warranty. If anything should go wrong with the unit within this time period, GreenDroplet.com will honor any warranty claims. If such situation occurs please contact us directly for assistance. **Important:** All installations must be performed or supervised by a certified HVAC technician in order for the warranty to be valid.

30.     Defendants' use of Fujitsu's Marks, copyrighted warranty logos, and the statement that Fujitsu Products "come with" a "5 year parts and 7 year compressor warranty," taken together falsely imply that the Fujitsu products sold by Defendants are warranted by Fujitsu.

31.     On May 22, 2013, Fujitsu's counsel sent a letter to Defendants demanding that Defendants cease and desist their practice of using misleading advertising materials and discontinue infringing Fujitsu's trademarks and copyrights.  *See* Exhibit B.

32.     Defendants responded by email, on or about June 5, 2013, indicating that they would comply with Fujitsu's letter.  *See* Exhibit C.

33.     Despite Defendants' promises, they failed to remove the infringing images, trademarks and improper warranty statements from their websites.

34.     On December 23, 2014, Fujitsu again wrote to Defendants demanding that Defendants cease and desist their practice of using misleading advertising materials and discontinue infringing Fujitsu's trademarks and copyrights.  *See* Exhibit D.

35.     As of the date of the filing of this Complaint, Defendants have failed to comply with Fujitsu's demands.

36.     Defendants' misleading statements and infringements have caused Fujitsu, and continue to cause Fujitsu, irreparable harm and damage.

4563455v6

37.     Defendants' misleading statements and infringements have caused a diminution and tarnishment of the reputation of Fujitsu's famous trademarks among customers and potential customers.

38.     Unless Defendants are restrained from making misleading claims, Fujitsu will continue to be irreparably harmed.

39.     Unless Defendants are restrained from infringing Fujitsu's trademarks and copyrights, Fujitsu will continue to be irreparably harmed.

## FIRST CAUSE OF ACTION

(Unfair Competition – 15 U.S.C. §1125(a))

40.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.     Defendants' acts of misrepresentation of the nature, characteristics and quality of Fujitsu, its authorized dealers and its warranties have allowed and continue to allow Defendants to unfairly compete with Fujitsu and its authorized distributors in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42.     Defendants' acts described above are deliberate and willful.

43.     Defendants' acts of unfair competition have caused great and irreparable injury to Fujitsu in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Fujitsu with no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Trademark Infringement – 15 U.S.C. §1114)

44.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

4563455v6

45.     Defendants' use in commerce of the following trademarks  on and in connection



with the sale of its products and on its website is without permission or consent of Fujitsu, is

likely to cause confusion, to cause mistake, to deceive and mislead customers and potential

customers as to the source or origin of Defendants' products, or to believe that Defendants'

products are associated with, authorized by, sponsored by or warranted by Fujitsu.

46.     Defendants' use as described above is willful and deliberate.

47.     Defendants' use as described above has caused great and irreparable harm to

Fujitsu and, unless restrained and enjoined by this Court, will continue to cause great and

irreparable damage, loss, and injury to Fujitsu, its trademark, goodwill and reputation, leaving

Fujitsu with no adequate remedy at law.

48.   Such acts constitute trademark infringement in violation of Section 32 of the

Lanham Act, 15 U.S.C. §1114.

## THIRD CAUSE OF ACTION
(Trademark Dilution – 15 U.S.C. §1125(c))

49.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 48

above as if fully set forth herein.

50.     Defendants commenced their willful conduct after Fujitsu's marks became

famous.

4563455v6

51.     Defendants' acts concerning Fujitsu, its authorized dealers and its warranties,

have, without justification, blurred, tarnished and diminished the reputation of Fujitsu's famous

trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

52.     Defendants' use described above is deliberate and willful.

53.     Defendants' acts of dilution have caused great and irreparable injury to Fujitsu in

an amount that cannot be ascertained at this time and, unless restrained, will cause further

irreparable injury, leaving Fujitsu with no adequate remedy at law.

## FOURTH CAUSE OF ACTION
(Copyright Infringement)

54.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 53

above as if fully set forth herein.

55.     Fujitsu is the owner and or party responsible for the enforcement of the following

registered copyrighted works in the United States: Fujitsu Halcyon Full Line Catalog,

Registration No. TX-7-696-594 (attached hereto as Exhibit A).

56.     By its actions described above, specifically the unauthorized copying, digital

storage, display and dissemination of these works to the public, Defendants have infringed and

will continue to infringe Fujitsu's copyrights.

57.     Defendants' actions as described above are willful and deliberate.

58.     Defendants' actions as described above have caused great and irreparable harm to

Fujitsu and, unless restrained and enjoined by this Court, will continue to cause great and

irreparable damage, loss, and injury to Fujitsu, leaving Fujitsu with no adequate remedy at law.

59.     Such acts constitute copyright infringement in violation of 17 U.S.C. § 101 *et seq.*

4563455v6

## FIFTH CAUSE OF ACTION

(Deceptive Trade Practices – New Jersey)

60.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 59 above as if fully set forth herein.

61.     Defendants have engaged in deceptive trade practices in connection with the sale and advertisement  of merchandise, namely Fujitsu Products.

62.     Defendants' acts described above constitute deceptive trade practices in violation of N.J.S.A. 56:4-1 *et seq*.

63.     Defendants' acts described above are deliberate and willful.

64.     Defendants' acts have caused great and irreparable injury to Fujitsu, including but not limited to damage to its goodwill and reputation, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Fujitsu with no adequate remedy at law.

## SIXTH CAUSE OF ACTION

(Unfair Competition – New Jersey)

65.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 64 above as if fully set forth herein.

*66.*     Defendants' acts have allowed and continue to allow Defendant to unfairly compete with Fujitsu in violation of N.J.S.A. 56:4-1 *et seq.*

67.     Defendants' acts described above are deliberate and willful.

68.     Defendants' acts of unfair competition have caused great and irreparable injury to Fujitsu, including but not limited to damage to its goodwill and reputation, in an amount that

4563455v6

cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Fujitsu with no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

(Trademark Dilution – New Jersey)

69.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 68 above as if fully set forth herein.

70.     Defendants' acts have, without justification, tarnished and diminished the reputation of Fujitsu's famous trademarks in violation of N.J.S.A. 56:3-13.20.

71.     Defendants' use described above is deliberate and willful.

72.     Defendants' acts of dilution have caused great and irreparable injury to Fujitsu in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Fujitsu with no adequate remedy at law.

## EIGHTH CAUSE OF ACTION

(Common Law Unfair Competition)

73.     Fujitsu repeats and realleges the allegations set forth in paragraphs 1 through 72 above as if fully set forth herein.

74.     By their actions, Defendants have misappropriated Fujitsu's valuable goodwill at no cost to Defendants, resulting in Defendants unfairly benefiting from same in violation of the common law of New Jersey.

75.     The aforesaid acts of Defendants constitute unfair business practices for the purpose of diverting actual and potential business from Fujitsu and constitute unfair competition and have resulted in substantial damage to Fujitsu's business, reputation and goodwill in violation of the common law of New Jersey.

13

4563455v6

76.     Defendants' acts described above are deliberate and willful.

77.     By reason of Defendants' acts, Fujitsu has and will continue to suffer damages to its business, reputation and goodwill and loss of sales and profits Fujitsu would have made but for Defendants' acts.

78.     The conduct of Defendants has injured Fujitsu and unless enjoined will continue to cause great, immediate and irreparable injury to Fujitsu.  Fujitsu is without adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fujitsu General America, Inc. respectfully requests that judgment be entered in its favor and against Defendants, jointly and severally, for the following relief:

A.     That Defendants be preliminarily and permanently enjoined from using Fujitsu trademarks, service marks and any trademark so similar as to be likely to cause confusion;

B.     That Defendants be preliminarily and permanently enjoined from copying, reproducing, preparing derivative works from or otherwise using Fujitsu copyrighted materials in violation of Fujitsu's exclusive rights granted by 17 U.S.C. § 106;

C.     That Defendant be preliminarily and permanently enjoined from selling or offering for sale Fujitsu Products;

D.     That Defendants be required to account to Fujitsu for all profits realized from Defendants' sale of Fujitsu's Products and for all damages sustained by Fujitsu on account of the aforesaid acts of trademark infringement, trademark dilution, copyright infringement and unfair competition and that said damages be trebled.

14

4563455v6

E.      That Defendants be required to pay Fujitsu for statutory damages based upon Defendant's acts of copyright infringement.

F.      That Defendants be ordered to conduct a program of corrective advertising in various media, which shall be to the satisfaction of, and approved by, Fujitsu.

G.      That Defendants be required to submit all proposed promotional material to the Court or to the Court's designee to assure compliance with requirements and obligations under the Lanham Act.

H.      That Fujitsu be awarded its costs and reasonable attorney fees incurred herein.

I.      That Fujitsu be awarded such other and further relief as the Court may deem appropriate.

## <u>JURY DEMAND</u>

In accordance with Fed. R. Civ. P. 38 and Local Civil Rule 38.1, Fujitsu hereby demands a trial by jury on each claim of the Complaint so triable.

RIKER, DANZIG, SCHERER, HYLAND
 & PERRETTI LLP
Attorneys for Plaintiff
Fujitsu General America, Inc.


By: _____*s/ Robert J. Schoenberg*_____
            Robert J. Schoenberg

One Speedwell Avenue
Morristown, New Jersey 07962-1981
Email: rschoenberg@riker.com


Dated: January 13, 2015

4563455v6

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorneys for Plaintiff, Fujitsu General America, Inc., certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the  Complaint primarily consists of a demand for preliminary and permanent injunctive relief, as well as damages believed to be in excess of $150,000.00, exclusive of interest, costs and any claim for punitive damages, and involves complex issues of trademark and copyright law.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned attorneys for Plaintiff, Fujitsu General America, Inc., certify that with respect to the matters in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Plaintiff
Fujitsu General America, Inc.

By: _____*s/ Robert J. Schoenberg*_____
        Robert J. Schoenberg

One Speedwell Avenue
Morristown, New Jersey 07962-1981
Email: rschoenberg@riker.com

Dated:  January 13, 2015

4563455v6